United States District Court
District of Massachusetts

| | |
|---|---|
| Ramon Valle,<br><br>    Petitioner,<br><br>    v.<br><br>Sheila Kelly,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  22-30153-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM & ORDER

GORTON, J.

   This case arises from a petition of Ramon Valle ("Valle" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. §2254. After consideration of his petition, Magistrate Judge Katherine A. Robertson filed a Report and Recommendation ("R&R") in response to which petitioner filed objections. Having carefully reviewed the R&R and the objections thereto, and with further consideration of the alleged prosecutorial misconduct, the Court will accept and adopt the R&R.

I.  **Background**

   The underlying facts of this case are described in detail in the order of the state trial court denying defendant's motion for a new trial, the affirmance by the Massachusetts Appeals Court ("MAC") and in the R&R. The Court will not repeat them.

Relevant here are petitioner's convictions in 2015 on three counts of home invasion, in violation of M.G.L. c.265, §18C, and three counts of assault with a dangerous weapon, specifically a firearm, in violation of M.G.L. c.265, §15B(b), for which petitioner was sentenced to 20 to 22 years in state prison.

In 2017 Valle moved for a new trial based on alleged Fifth and Sixth Amendment violations. The trial court denied that motion. The MAC affirmed and the Massachusetts Supreme Judicial Court ("SJC") denied petitioner's request for further appellate review.

In 2022 petitioner filed the instant petition for habeas corpus. Petitioner's custodian, Sheila Kelly ("respondent"), timely opposed. The matter was referred to Magistrate Judge Robertson who issued her R&R in June, 2025, recommending that this Court deny the habeas petition. In August, 2025, petitioner filed objections to the R&R.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas court may not grant a writ of habeas corpus unless the underlying state court adjudication resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. §2254(d)(1).

If a federal claim was not addressed by the state courts because the issue was decided solely on state law grounds, the decision is not entitled to the deferential review defined in AEDPA; instead, the claim is reviewed de novo. Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001). If the state standard is more favorable to the defendant than the federal law, however, the federal analysis is presumed to be subsumed within the state law adjudication and the decision remains entitled to deference. Id. at 125.

### III. Alleged Prosecutorial Misconduct

Petitioner claims that during his jury trial the prosecutor knowingly used false testimony from a Springfield police officer. Specifically, the testifying officer stated that Officer Brantley, an investigating officer on the scene, radioed that "multiple females" identified petitioner as the shooter. Because petitioner was never charged with being the shooter nor otherwise identified as the shooter by witnesses, he contends that this was false testimony. The MAC held that, while the prosecutor should have corrected that potentially misleading testimony, ultimately

> it did not create a substantial risk of a miscarriage of justice because Officer Brantley and the three victims all testified at the trial, and none of them identified Petitioner as the shooter; moreover, the prosecutor told the jury that Petitioner was not charged with firing a gun.

### a. Legal Standard for Prosecutorial Misconduct

#### 1. State

Under Massachusetts state law, unpreserved errors in non-murder cases are reviewed for substantial risk of a miscarriage of justice ("the Freeman standard"). Commonwealth v. Freeman, 227 N.E.2d 3, 9 (Mass. 1967). The Freeman standard is nearly identical to the one used in capital cases reviewed by the SJC under Mass. Gen. Laws ch. 278, §33E ("the 33E standard"). The SJC itself has recognized that

> [i]n many opinions we have described the tests under the Freeman standard and the §33E standard in words which suggest that the tests may be identical.

Commonwealth v. Lennon, 399 Mass. 443, 448 n.6 (1987).

The SJC clarified, however, that the 33E standard places a greater burden on the court than the Freeman standard because there is a duty to review the whole record under 33E but not under the Freeman standard. Consequently, the 33E standard is more defendant-friendly than the Freeman standard.

#### 2. Federal

Under clearly established federal law, the knowing use of false testimony constitutes a due process violation when there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." Kyles v. Whitley, 514 U.S. 419, 433 n.7 (1995); Napue v. Illinois, 360 U.S. 264, 271 (1959).

### b. Analysis

The Magistrate Judge determined that the MAC applied the 33E standard and, relying on case law that found it subsumed the federal standard, afforded deference to the MAC's decision. The MAC did not, however, apply the 33E standard, which would have been a mistake but, instead, correctly applied the Freeman standard. Having misidentified the standard applied by the MAC, the Magistrate Judge did not undertake the requisite analysis to determine whether the Freeman standard, rather than the 33E standard, subsumes the federal standard.

This Court has not discovered any Massachusetts state court decision explicitly holding that the Freeman standard is more favorable to defendants than the federal standard. Because the federal law analysis is not subsumed within the state law adjudication, this Court will conduct a de novo review, using the federal standard. Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003).

As described earlier, under clearly established federal law, the knowing use of false testimony constitutes a due process violation when there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." Napue, 360 U.S. at 271. Even assuming, however, that the testimony was false and that its use was knowing, the Court finds that there is no reasonable likelihood that the testimony

could have affected the jury given that petitioner was not charged with being the shooter and none of the testifying witnesses identified him as the shooter. Indeed, the government's theory of the case rested on the premise that petitioner was not the shooter and was startled by the shooting, leading him to break into the victim's apartment. Accordingly, the Court reaches the same result as the Magistrate Judge: there was no meaningful prosecutorial misconduct and petitioner's objection to the R&R is overruled.

### ORDER

After consideration of petitioner's objections (Docket No. 52) thereto and, with clarification of the ruling with respect to the prosecutorial misconduct claim, the Report and Recommendation is accepted and adopted.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 19, 2025